BY THE COURT.
There is no case made here for the interference of chancery. The liability of the complainant has not devolved upon him, as executor, but has resulted from his own act, in entering into the certiorari bond. The ease in 1 Rand. 431, if good law, does not apply to this case. There, an executor, while he had assets in his hands, supposed to be amply sufficient to pay all the debts of his testator, made himself personally liable for a debt due by the estate. These assets were afterwards recovered from him by paramount title, so as to leave a deficiency of assets to pay debts. Under such circumstances he was relieved from paying to the extent of the deficient assets. Johnston’s estate is not insolvent; there is no danger of ultimate loss. The assets unadministered are real, and it only requires the action of the complainant, in the proper court, to convert the reality into money to pay the debts. If he has neglected to take the proper steps, and preferred to oblige himself personally, we do not know why we should interfere.
The demurrer is allowed, and the bill dismissed with costs.